UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA L. WRIGHT,<br><br>                              Plaintiff,<br><br>v.<br><br>ROYAL PROPERTY MANAGEMENT GROUP and LUTHERAN TOWERS MAINTENANCE EMPLOYEE,<br><br>                              Defendants. | Case No.: 3:25-cv-02808-CAB-BLM<br><br>**ORDER DIMISSING COMPLAINT AND DENYING APPLICATION TO PROCEED IFP**<br><br>[Doc. Nos. 1, 2] |

Plaintiff Gina L. Wright ("Plaintiff" or "Wright") has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). [Doc. Nos. 1 ("Complaint"), 2.] Plaintiff's Complaint alleges that her constitutional rights were violated when the smoke alarm went off in her apartment and the water sprinkler "drench[ed her apartment] with a foul smelling dark-substance." [Complaint at 5.] According to Plaintiff, the apartment's maintenance supervisor and management "harassed, and threaten[ed her]" by publicly blaming her for the incident, and the manager also allowed others to damage and steal her belongings during the cleanup. [*Id.*] Though the case's caption does not reflect it, Plaintiff's complaint named the apartment's Property Manager ("Tiffany"), Maintenance Supervisor ("Jonathan"), and Corporate Manager, all in their individual and official capacities. [*Id.* at 6.] For the reasons discussed below, the

Court **DENIES** Plaintiff's motion to proceed IFP and **DISMISSES** the Complaint without prejudice for failure to state a claim.

## I. ANALYSIS

### A. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen any IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id.* The Court, however, considers Plaintiff's position as a pro se litigant at the pleading stage and construes the pleading liberally. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). "Action under color of state law normally consists of action taken by a public agency or officer." *Taylor v. First Wyoming Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). A private party's action, without something

more, is insufficient to characterize that party as a state actor. However, "[a] private action may constitute an action under color of state law if the private person willfully participates in joint action with the state or its agents," or "if it constitutes the exercise of some power delegated to the private person by the state which is traditionally associated with sovereignty or is traditionally exclusively reserved to the state." *Id.* (internal quotation marks and alterations omitted).

Here, Plaintiff has not plausibly alleged that any Defendants were acting under color of state law. She has not alleged at all, let alone with plausible facts, that any of the Defendants are a public agency or officer, that they acted jointly with a government entity, or that their actions constitute exercise of some power, such as policing, traditionally associated with a governmental entity.[1] To be sure, there are cases where certain housing entities were considered acting under color of state law, but those involved ownership or significant management by a government agency. *E.g. Mendoza v. Frenchman Hill Apartments Ltd. P'ship*, No. 2:03-CV-494-RHW, 2005 WL 6581642, at *2 (E.D. Wash. Jan. 20, 2005) (finding state action pleaded where county agency was general management partner and participated in the daily decisions of the housing complex); *Guy v. Carson*, No. 2:20-CV-01581-DDP-SHK, 2020 WL 3884904, at *9 (C.D. Cal. June 22, 2020), *report and recommendation adopted*, No. 2:20-CV-01581-DDP-SHK, 2023 WL 3604316 (C.D. Cal. May 23, 2023) (finding state action pleaded where defendant was alleged to be a state-chartered public housing agency). The Court therefore finds that Plaintiff has failed to state a § 1983 claim but provides leave to amend within 30 days of the date of this order.

///

///

---

[1] The Court notes that receipt of government funding or compliance with generally applicable laws, without more, is insufficient to constitute state action. *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020); *see also Kabbani v. Council House, Inc.*, 406 F. Supp. 2d 1189, 1193 (W.D. Wash. 2005) ("Not every private entity that provides Section 8 housing is a state actor.").

**B. MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007). To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [for herself] and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1229 (9th Cir. 2015)*.*

Here, Plaintiff submitted an incomplete financial affidavit. While the affidavit reflects a monthly income of $1,200.00 from disability, $220.00 from public assistance, and $0.00 in her checking account, many of the expenses portions of the affidavit are blank. [Doc. No. 2.] For example, the amounts for monthly expenses for rent, insurance, medical and dental expenses, and vehicle expenses are blank. [*Id.* (instructing the applicant: "Do not leave any blanks. If the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response.").] However, Plaintiff's supporting documents mention "mental health treatments" and she has requested as part of damages "[t]he cost to buy required dietary supplement for diabetic care," both of which indicate ongoing medical expenses. [Doc. No. 1-3 at 2.] The Court cannot properly assess Plaintiff's IFP application without complete documentation as required by the form affidavit.

---

[2] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The Court therefore **DENIES** Plaintiff's IFP application. In light of the Court's dismissal with leave to amend, Plaintiff should submit a complete affidavit—including a complete accounting of her monthly expenses—with any amended complaint.

## II.  CONCLUSION

The Court **DISMISSES** Plaintiff's Complaint with leave to amend within 30 days from the date of this order. The Court also **DENIES** Plaintiff's application to proceed IFP. Plaintiff may re-submit a fully completed IFP application or the required filing fee with the amended complaint.

**IT IS SO ORDERED**.

Dated:  October 29, 2025

Hon. Cathy Ann Bencivengo
United States District Judge